Supreme Court I. O. F. v. Herlinger.

## BENEFICIAL ASSOCIATIONS

[Trumbull (7th) Circuit Court, February Term, 1905.]

Cook, Burrows and Laubie, JJ.

SUPREME COURT OF I. O. F. v. CHRISTINE HERLINGER.

BENEFICIARY OF DEATH CERTIFICATE IN INDEPENDENT ORDER OF FORESTERS REQUIRED TO EXHAUST REMEDIES OF ORDER BEFORE APPEALING TO CIVIL COURTS.

Under the constitution, by-laws and regulations of the "Independent Order of Foresters" a beneficiary must exhaust her remedy in the tribunals of the order for the payment of the death certificate before she can appeal to the civil courts.

ERROR to Trumbull common pleas court.

**Dickson & Clark** and **Charles Fillius,** for plaintiff in error.

**T. H. Gillmer,** for defendant in error.

COOK, J.

The husband of the defendant in error was a member of the Independent Order of Foresters and held a certificate of insurance for the sum of $1,000 payable to his wife. Upon his death this action was commenced to recover the amount of the certificate.

Two questions are made:

First. That the decedent died by suicide.

Second. That the defendant should have exhausted her remedy in the order before she appealed to the civil courts.

As to the first, it is sufficient to say that the jury found that the husband did not die by suicide and we are of opinion that the jury was fully justified in so finding.

The second question is one of more difficult solution. The Independent Order of Foresters, like kindred organizations of that character, was formed for the purpose of promoting the moral and social interests of its members, and also protecting them in cases of sickness; and in death providing a fund to defray necessary expenses of burial and temporary provision by insurance for dependents, the widow and children.

This organization in its insurance department is similar in all respects to beneficiary societies generally. The constitution and by-laws provide for the manner of presenting claims for death benefits, and by these provisions the beneficiary would be bound, as she is presumed to know all the provisions of the constitution and by-laws and be bound by the same. *Protective Home Circle* v. *Tisch,* 24 O. C. C. 489.

Trumbull County.

By these provisions it was her duty to make out a proof of loss including the medical certificate showing the manner and cause of death. This was to be presented to the local body known as the local court. It then became the duty of the local court to make out a statement of the facts and circumstances of death, and this statement with the proofs of loss furnished by the beneficiary, must both be sent by the local court to the supreme secretary. This was done. It then became the duty of the supreme secretary to lay these papers before the supreme ranger whose duty it was to allow or disallow the claim. This was also done in this case, and the supreme chief ranger disallowed the claim for $1,000 for the reason that, in his opinion from the certificates, the insured member came to his death by suicide; but did allow the claim to the amount of $33.34, the constitution providing that one-thirtieth of the claim should be allowed under such circumstances.

The supreme chief ranger sent his decision with a check or draft for $33.34 to the local court with directions to carry the same to the beneficiary, leaving with her a copy of his decision, and the check or draft and take her receipt for the same. The local court sent a committee to the defendant in error with the papers and check, and she refused absolutely to receive the same or sign the receipt, and upon inquiry as to what she would do, said she "would do nothing; I have my lawyer and you will see him."

The constitution, by-laws and regulations of the order provide that in case of any complaint upon the part of any member or beneficiary, of the action of a court, local or supreme, or of any officer of the court or other officer of the order, that an appeal may be taken as therein provided, and specially provides that an appeal may be taken by a beneficiary from the decision or action of the supreme chief ranger, to the supreme executive council and from the supreme executive council to the supreme court of the order, which is the highest authority, and if the beneficiary is dissatisfied with the decision of the supreme court of the order, then the constitution further provides that in such case the beneficiary may bring a suit in the civil courts, provided she does so in six months.

Are these provisions conclusive of the rights of this beneficiary and preclude her from instituting and prosecuting her action? We think they are. The member, her husband, when he became a member of the order, promised that he would keep and perform and be bound by all the rules and regulations of the order and the beneficiary occupies no better position than the member. *Protective Home Circle* v. *Tisch, supra.*

Supreme Court I. O. F. v. Herlinger.

Why then should she not be bound by these provisions? They deprive her of no rights whatever.

· In the case of *Myers* v. *Jenkins*, 63 Ohio St. 101 [57 N. E. Rep. 1089; 81 Am. St. Rep. 613], which was an action by a member and the order of Odd Fellows, it was held:

"When a member of such order claims to be entitled to sick benefits, he must seek his remedy, in the first instance, in the lodge and the tribunals of the order, and the determination of the matter by such lodge and tribunals in substantial accordance· with the laws of the order, will be final and conclusive of the right to receive such benefits.

"5. If the lodge refuses or neglects upon proper demand to have the right to such benefits determined in substantial accordance with the laws of the order, or refuses to pay such benefits after the same have been awarded to such member, then such member may sue in the civil courts for the recovery of such benefits.

"6. Where, in a proceeding in a lodge in substantial accordance with its laws, it is determined that such member has no right to sick benefits, and the member appeals to the next higher tribunal in the order, and the lodge furnishes him a proper transcript of the proceedings, and he fails to secure a hearing of his appeal by reason of his own negligence, or ·by reason of the negligence of such higher tribunal ·or some officer thereof, such failure to secure a hearing on his appeal will not entitle him to sue the lodge for such benefits in the civil courts.

"7. A contract in advance to renounce and waive one's right to appeal to the courts for the redress of wrongs, is void, and of no effect."

In the opinion Judge Burket, on pages 119 and 122, says:

"The claim of the lodge was, and it requested the· court to so charge, that the claimant of benefits must seek his remedy in said tribunals of the order, and that their determination was final, and that the civil courts had no jurisdiction of the matter. The court charged the jury that the claimant must in the first instance seek his remedy in the tribunals of the order, and wound up by the following:

" 'If that tribunal has been created, and has finally heard and determined this matter, that determination is conclusive upon the parties; but if, for any reason they have refused to hear and determine this matter in any of the various stages provided for its determination ·by the rules of the order, then he may come into court and sue and ask the court to determine his right to recover; and if he has a right to recover, he may recover it in the court.' "

"The next question is as to the charge as given, to which there was an exception. The lodge .referred the dispute as to sick benefits to a

Trumbull County.

committee of three as provided by the laws of the order, and that committee reported adversely to the claimant, and when he was present in the lodge and no further notice to him required, the lodge acted upon the report and unanimously adopted it, and thereby determined that he was not entitled to sick benefits. This was conclusive against him unless he should succeed in changing the result by a proceeding in one of the higher tribunals of the order. He gave notice of appeal, this seems to be conceded by all. He says that he obtained a transcript from the secretary, while the secretary says he does not recollect of giving him a transcript and does not remember that he asked for, or demanded one. There is no claim or pretense that the lodge or the secretary refused to give him a transcript. The lodge therefore did all that the laws of the order required to enable the plaintiff to perfect his appeal and establish his right to sick benefits before the grand committee. The lodge had a determination in its favor, and by giving him a transcript did all in its power, and all the laws of the order required of it, to enable him to perfect his appeal; and if he thereafter failed in his appeal, it was his misfortune and not the fault of the lodge; and the lodge could not be held in an action at law because he failed to secure a hearing before the grand committee on his appeal.''

Then it is said, page 123:

''The court charged that 'if for any reason they have refused to hear and determine this matter in any of the various stages provided for its determination by the rules of the order then he may come into court,' etc. This is too broad. The lodge was not responsible for what occurred in the various stages in the higher tribunals after it got beyond the lodge. The determination was against him in the lodge, and after the transcript was furnished to him by the lodge, the burden was thereafter on him to get rid of that determination, and if he failed in his appeal by reason of his own negligence or the negligence of others than the lodge, he cannot hold the lodge responsible for such negligence, and cannot make the same a basis of an action against the lodge. There was therefore error in the charge as given.

And then the court held that no action can be taken in a court of justice until the beneficiary, or in this case rather, the member had exhausted his remedy by appeal in the lodge.

In this case defendant in error made no effort to appeal her case to the supreme chief ranger. All that was required of her was to write a letter to him saying she appealed from his decision. No doubt even a mere statement to the committee that called upon her that she appealed from the decision of the supreme chief ranger, that her husband died

by suicide would have been sufficient, but instead of that she refused to do anything and her attorney commenced this action.

Under the constitution and by-laws of this order she particularly has no reason to complain, as after final decision by the order, it is specially provided that she may appeal to the courts of her country; whereas in many orders of this character, final decision of the order, where there was no fraud or undue means involved, would settle the matter.

What should we do with the case? It is highly probable, that we should render final judgment by dismissing the original action of plaintiff, but thinking possibly, there may be some means by which the beneficiary may correct the evident mistake she has made, we have concluded to remand it for a new trial. Judgment accordingly.

**Burrows** and **Laubie, JJ.**, concur.